# LEGAL SERVICES OF CENTRAL NEW YORK, INC.

MAIN OFFICE: 472 SOUTH SALINA STREET, SUITE 300
SYRACUSE, NEW YORK 13202

TELEPHONE (315) 703-6500
STATEWIDE TOLL-FREE (866) 475-9967
FAX (315) 475-2706

TTY (FOR SPEECH/HEARING IMPAIRED) (315) 475-3120 OR (866) 475-3120

June 26, 2008 (By Fax)

The Hon. Charles L. Brieant
United States Courthouse
300 Quarrapos Street
White Plains, New York 10601

Re:    Curtis v. State Farm
        06CV12903, 07CV8675, 07CV3232
        (CLB/LMS)

Dear Judge Brieant:

    Please accept this letter in support of the appeal made by Anthony Curtis, *pro se* plaintiff in the above referenced matters, seeking review of Magistrate Judge Lisa M. Smith's denial of his request for appointed counsel as an accommodation to his disability. I am the statewide attorney in New York state under the Protection & Advocacy funding working exclusively with individuals with brain injury. I have been working exclusively with individuals with disabilities as legal counsel through the Protection & Advocacy program for nearly ten years.

    Mr. Curtis is diagnosed with static encephalopathy. (See attached medical documentation from Shankar Perumal, M.D., The Neurosciences Institute, Albany, New York). Static encephalopathy is a clinical diagnosis that points to *in untero* trauma to the brain, although the specific source of the trauma may be unclear. As a result of Mr. Curtis' disability he has a number of cognitive limitations. These are outlined in Dr. Perumal's letter as difficulty understanding complicated speech, difficulty reading complicated written materials, as well as difficulty grasping complex subjects. Thus, Mr. Anthony's difficulties in proceeding without counsel in this Court far outweigh those encountered by other *pro se* plaintiffs.

Page 2
June 26, 2008

### INITIAL DISCUSSION

The Magistrate treats plaintiff's (final) request for accommodations due to disability as a "motion for referral to the pro bono panel of volunteer attorneys." The Magistrate then denies the request, citing "similar applications" having been made by plaintiff and denied by her in the past and there being "no basis for changing that decision." Prior to this final determination, the Magistrate had granted plaintiff an opportunity to obtain counsel on his own. Thereafter, plaintiff provided the Magistrate with a list of thirty-two (32) attorneys or organizations from whom he had sought legal assistance in the intervening time period without effective result.

### EXAMINATION OF THE ISSUES

In seeking accommodation by the Court to his disability, plaintiff proposed three alternatives: appointment of counsel, appointment of a third party to help him manage the case, or an adjournment in the case to try to obtain counsel on his own. The Magistrate opted for the third option and granted plaintiff a stay and adjournment of thirty days in which to find counsel.

The Magistrate ruled out the third party advocate option as impractical, since only an attorney would be qualified to represent plaintiff's interest in litigation. Moreover, even if there were some means of doing so, *e.g., guardian ad litem*, the Court concluded there was no money available from any source to fund such a representative.

With regard to plaintiff's preferred option of appointment of counsel as an accommodation, it is not clear that the Magistrate understood or had seen first hand any medical evidence concerning plaintiff's disability. In any event, the Magistrate determines that referral to the pro bono panel is not appropriate at this stage, since she cannot conclude that plaintiff's

Page 3
June 26, 2008

claims have merit. (*Citing* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) See attached decision at page 3). In arriving at this decision, the Magistrate seems troubled by the fact that plaintiff has been deemed disabled by the Social Security Administration, and is currently receiving Social Security Disability income. The Magistrate notes:

> *Plaintiff has conceded that he has been declared fully disabled by the Social Security Administration, based on mental and psychiatric conditions. If this is true, then he was not "qualified" for employment with Defendant, and therefore cannot succeed in any of his cases. [...] Under these circumstances I cannot conclude that plaintiff is an appropriate candidate for referral to the pro bono panel.* (Decision at page 4).

We note, first of all, that plaintiff's claims relate to employment discrimination based on race and alleged violations of the U.S. Bankruptcy Code, § 525. Thus, the issue of plaintiff's ability to work at State Farm, as he evidently desires, would appear to be an issue having to do with resolution of the conflict or appropriate remedies should he prevail on the (erstwhile) merits of his claims.

Nevertheless, we hasten to point out that the Magistrate's analysis of the interplay between "disability," "employment," and eligibility for Supplemental Social Security (SSI) is in error. The U.S. Supreme Court has addressed the seeming statutory conflict between collecting disability benefits through Social Security and filing complaints under the ADA. "[D]espite the appearance of conflict that arises from the language of the two statutes, the two claims do not inherently conflict. [...] That is because there are too many situations in which an SSDI claim and an ADA claim can comfortably exist side by side. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 802-803 (U.S. 1999). The Court concluded this is largely due to the fact that "when the SSA determines whether an individual is disabled for SSDI purposes, it does not take the possibility of "reasonable accommodation" into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." *Id.*, at 803. Thus, if plaintiff's claims related to employment discrimination *based on disability*, as opposed to race,

Page 4
June 26, 2008

there would be no presumption of conflict between plaintiff's disability and suing the defendant for failing to hire him. However, as noted above, this is not the case before the Court.

As this Court is aware, the Pro Se Manual for litigants in the Southern Districts lists the following considerations by the Court in deciding whether to grant a request for *pro bono* counsel:

- whether the case appears to have merit;
- whether the legal issues are complex or simple;
- current financial status insofar as it is relevant to the inability to hire counsel;
- what attempts have made to try to hire an attorney;
- statement describing your need for an attorney, including facts regarding the degree of one's education;
- whether there is difficulty communicating in English;
- any disabling conditions which may affect the ability to proceed on one's own behalf;
- or family circumstances which may have an affect on the ability to represent oneself.

(page 23).

Plaintiff raises complex issues of race discrimination in his complaint, issues involving establishing *disparate treatment* or *disparate impact* of defendant's hiring policies against a protected class (*e.g.*, minority). Given plaintiff's cognitive impairments, all of which affect his ability to communicate, and the complexity of the case, it is clear that his ability to proceed on his own behalf is greatly affected. Moreover, it appears too early to tell very much on the underlying merits of his several claims, but surely there is sufficient merit at this point that an attorney should be given the opportunity to assess and proceed with the case, if appropriate. As he has been unable to obtain counsel on his own, despite his diligence in attempting to do so, a referral to the *Pro Bono* panel should be warranted.

CONCLUSION

The plaintiff, Mr. Curtis, is an individual caught in the negative vortex of a multitude of

Page 5
June 26, 2008

cultural dynamics having to do with poverty, race, disability, and civil rights. We respectfully request that the Court carefully consider his request for accommodations and refer this matter to the *Pro Bono* panel for representation.

    Thank you.

Sincerely,

Robert W. Lukow, of counsel<br>Protection & Advocacy Program

Enclosures:    Plaintiff's undated letter to Hon. Lisa M. Smith re accommodations
Order of Magistrate, 5/20/08
Plaintiff's letter to Hon. Lisa M. Smith re effort to obtain counsel, with Magistrate's handwritten denial of 5/01/08;
Letter of Shankar Perumal, M..D., 12/03/07
Letter of Shankar Perumal, M..D. (undated)

cc: Anthony Curtis (By Fax)
    Michael Delikat, Esq., Orrick, Herrington & Sutcliffe, LLP. (By Fax)

Judge Lisa Margaret Smith
Chief U.S Magistrate Judge
United States District Court
300 Quarropas Street., Room 428
White Plains, New York 10601

Dear Judge Smith,            Civil Cases 3232, 12903 and 8675

This letter is a request for an accommodation based on my documented disability as relayed recently to the court.

Due to the complexity and pressure generated by the above-named civil court cases, my disability has become noticeable and has impacted my ability to manage my court cases effectively. The pressure visited upon me by the onslaught of the tactics employed by State Farm Insurance has caused me to become less than effective in managing these cases.

Consequently, I am forced to respectfully request accommodations that will restore me to be an effective and functioning party to these cases. I call upon the inherent fairness of the court to consider any one of the following accommodations:

1) The appointment of legal counsel to manage the day-day pressure of business litigation thus restoring my ability to conduct and pursue these cases.
                        or
2) The appointment of third party that would at least manage the communications between the court, State Farm and myself.
                        or
3) Adjourn these cases until such time that I may obtain counsel to manage these cases in a way that will adequately protect my rights in these legal manipulations. This would allow me to respond in a timely manner to any court requests.

I think any of these actions would be fair to these cases, my rights/obligations and the judgments of the court.

I thank the court in advance and look forward to your reply.

Sincerely,

Anthony L. Curtis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CURTIS,                                          :

        Plaintiff,                               :      ORDER

        -against-                                :      06 Civ. 12903 (CLB)(LMS)

STATE FARM,                                      :

        Defendant.                               :
----------------------------------------------------------x
CURTIS,                                          :

        Plaintiff,                               :      ORDER

        -against-                                :      07 Civ. 3232 (CLB)(LMS)

STATE FARM,                                      :

        Defendant.                               :
----------------------------------------------------------x
CURTIS,                                          :

        Plaintiff,                               :      ORDER

        -against-                                :      07 Civ. 8675 (CLB)(LMS)

STATE FARM,                                      :

        Defendant.                               :
----------------------------------------------------------x

    Plaintiff has made a motion to consolidate the three above-captioned matters, which I will refer to herein as Curtis I, Curtis II, and Curtis III, respectively. Defendant has not yet responded to that motion, and it remains pending (the date for Defendant's response is adjourned, as set

forth herein). This Order is intended to be filed separately as to each of the three unconsolidated cases, and the Clerk is directed to file a copy of this Order in each case file.

Plaintiff has sent to the Court a letter dated March 18, 2008, in which he seeks to have his disability accommodated by the Court for purposes of his pursuing these three cases. The Clerk is also directed to file a copy of that letter in each of the three above-captioned cases. Plaintiff bases his request on his "documented disability as relayed recently to the court." Letter dated March 18, 2008 at p. 1. At a conference on March 11, 2008, it was revealed by counsel for Defendant that in the course of discovery counsel had obtained records regarding Plaintiff's efforts to discharge his student loans.[1] Those records revealed, according to counsel, that Plaintiff had filed for Social Security disability benefits and had been granted full disability benefits in 2006, based on his mental and psychological impairment. Plaintiff conceded that he had been receiving Social Security disability benefits at the time he filed his *in forma pauperis* application in Curtis II and Curtis III. It is apparently the mental and psychological impairment discussed by Defendant's counsel to which Plaintiff now refers as his "documented disability."

Plaintiff seeks one of three accommodations. He has proposed either that counsel be appointed to represent him[2]; or that he have a "third party" (apparently a guardian of some sort)

---

[1] Plaintiff claims, in general terms, that he was denied employment by Defendant for improper and unlawful reasons. Defendant asserts that a reason for their decision not to hire Plaintiff was that Plaintiff had undischarged student loans, therefore he did not qualify for a position with financial responsibility. Plaintiff asserted that his student loans had been discharged in bankruptcy. On this basis Defendant sought information about the student loans during discovery, and have informed the Court that Plaintiff is currently taking steps to discharge those undischarged student loans, in part based on his claim of a disability.

[2] It should be noted that in civil cases the Court cannot appoint counsel, as there are no funds available to pay for appointed counsel. The sole option available is for the Court to refer the case to its *pro bono* panel of attorneys who have indicated some interest in providing legal

Page 2 of 6

appointed to manage communications between himself, the Court, and the Defendant[3]; or that the case be adjourned to allow him to obtain counsel. After deliberation, I conclude that a brief stay of all proceedings, and a brief adjournment to allow Plaintiff to attempt to find counsel to represent him, is appropriate. However, I note that Curtis I has been pending since November 3, 2006, and that in the more than sixteen months since then, Plaintiff has not succeeded in obtaining counsel. The Court is not optimistic that Plaintiff will be able to obtain counsel now, but it may be that without the pressure attendant to handling these three cases Plaintiff can succeed in his efforts to locate an attorney to undertake his representation. The opportunity for him to do so, however, will be limited to 30 days, and the Court will not extend the stay that is now granted beyond that time.

In granting a stay and adjournment to permit Plaintiff to attempt to obtain counsel, I have given consideration to his alternative proposals. The first proposal, for referral of this matter to the *pro bono* panel (see note 2, *supra*), is not appropriate because, at this stage, I cannot conclude that Plaintiff's claims have merit. See Hodge, 802 F. 2d at 60 ("As a threshold matter . . . , the district court must consider the merits of the indigent's claim. Even where the claim is not

---

services for those who are unable to afford them. Counsel from the *pro bono* panel review the cases that are referred in that fashion, and may decide whether or not to volunteer to represent any particular party. The Court cannot force an attorney to undertake representation in a civil matter. Pursuant to the holding in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), the

frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (internal quotes and citation omitted)). Plaintiff has conceded that he has been declared fully disabled by the Social Security Administration, based on mental and psychiatric conditions. If this is true, then he was not "qualified" for employment with Defendant, and therefore cannot succeed in any of his cases. Of course, the contrary is also the case – if Plaintiff was qualified for employment with Defendant, then he was not fully disabled, and it may be the case that he will be indebted to the Social Security Administration. Even if he was qualified for employment at the time of his application to Defendant and has since become disabled, any claim of damages would be cut short as of the date of onset of his disability, because as of that date he would no longer be capable of being employed. Under these circumstances I cannot conclude that Plaintiff is an appropriate candidate for referral to the *pro bono* panel.

Plaintiff's second alternative proposal, that a third party be appointed to "manage the communications between the court, State Farm and [Plaintiff]" (see letter dated March 18, 2008, at p. 1), does not identify any basis for such a third party appointment. Only an attorney would be qualified to represent Plaintiff, and no lay person could legally act on Plaintiff's behalf in the context of this litigation. As noted *supra* at note 3, even if counsel were prepared to represent Plaintiff and utilize the services of a *guardian*, Plaintiff does not qualify for appointment of a *guardian ad litem*, because he has not presented evidence of incompetence, and this Court has concluded that he is competent for these purposes. Even if appointment of a *guardian ad litem* were appropriate, there are no Court funds from which to pay such a person, it does not appear that Plaintiff has the resources to pay such a person, and Defendant has not offered to pay such a person for the purpose of moving the litigation forward. Thus, the second proposal is not

Page 4 of 6

acceptable.

The third alternative will accommodate Plaintiff's disability without doing extreme damage to the need to move this litigation forward. I grant Plaintiff a stay of 30 days, commencing this coming Monday, March 24, and lasting until Wednesday, April 23, within which to attempt to obtain counsel to represent him in these three pending cases. During that period of time Plaintiff will not be required to produce anything or attend any proceedings. During that time Defendant may continue with other discovery (but not depositions) if Defendant chooses to do so, but Defendant will not be required to respond to Plaintiff's pending application for consolidation until a date after June 10, 2008. The Plaintiff's deposition currently scheduled for April 9 is adjourned without date pending the next hearing with the Court. The schedule for the remaining outstanding matters will be as follows:

- The conference previously scheduled for May 1, 2008, is adjourned to June 10, 2008, at 10:45 am.

- Plaintiff, either through counsel or *pro se*, shall respond in writing to Defendant's letter dated March 11, 2008, no later than May 12, 2008.

- Plaintiff, either through counsel or *pro se*, shall respond in writing to Defendant's outstanding supplemental document demand no later than May 12, 2008.

- Defendant may reply to Plaintiff's response no later than May 19, 2008.

- The parties shall be prepared for a hearing on June 10, 2008, at 10:45 am, for the purpose of assessing whether Plaintiff has made false statements on any one or more of his *in forma pauperis* applications, and if so, whether dismissal is appropriate.

Page 5 of 6

- In the event that the Court does not recommend dismissal of any one or more of these actions, then Plaintiff's deposition shall be rescheduled for a date after June 10, 2008.

- In the event that the Court does not recommend dismissal of two or more of these actions, then the requirement for Defendant to respond to Plaintiff's application to consolidate these matters will be scheduled for a date after June 10, 2008.

Plaintiff's opportunity to attempt to obtain counsel is not limited to the dates herein, but the stay granted in this Order will not be extended absent a showing of extraordinary good cause. Plaintiff will be required to go forward on the dates set forth, either through counsel or *pro se*.

This constitutes the Decision and Order of this Court.

Dated: March 20, 2008
White Plains, New York

SO ORDERED

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

> *[Handwritten annotation across top of page:]* This letter is deemed to be a motion for referral to the pro bono panel of volunteer attorneys. Similar applications have been denied in this case in the past, and there remains no basis for changing that decision. Motion denied. SO ORDERED. Lisa Margaret Smith USMJ 5/1/08

April 25, 2008

Honorable Lisa Margaret Smith
United States Magistrate Judge
Chief U.S Magistrate Judge
United States District Court
300 Quarropas Street., Room 428
White Plains, New York 10601

Re: <u>Anthony Curtis v. State Farm Mutual Automobile Insurance Co.:
06CV12903; 07 CV 3232 CV9675</u>

Dear Magistrate Judge Smith:

I would like to thank you for granting me time to seek counsel due to my disability. Unfortunately, I haven't been successful as yet. I've made every effort to do so, but I've received rejections mostly because of the cases has been in proceedings for some time. At this time, I would ask that you grant me an accomodation such as, the pro bono panel that will allow me to continue the proceedings that would not affect my disability. Below are the names of Attorneys and law firms I seeked help from.

Dutchess County Bar Association
Robert Lukow- Central NY Legal Services(for Traumatic Brain Injury)
Arnold Kronik-Attorney
Lucreatia Lucivero-Attorney
Susan Stockberger-Attorney
Micheal Sussman-Attorney
Paul Koker-Attorney
Independent Living Center
Disability Advocates Inc.
Micheal Kaplan-Attorney
Matthew Mazzamurro-Attorney
Volunteers of Legal Services
Micheal Spinac-Attorney
Daniel Clement-Attorney
New York Bar Association
Mitchell Spinac
Kevin Thieman-Attorney

New York State Brain Injury Association
Legal Services of the Hudson Valley
Robert Iseks-Attorney
MFY Legal Services
Workers Rights Law Center
New York Lawyers for the Public Interest
New York Legal Assistance Group
Daniel Kasser-Attorney
Debra Karpatkin-Attorney
Gregory Antollino-Attorney
Debra Shnear-Attorney
Malcolm Davis-Attorney
Elizabeth Shalet-Attorney
Ken Goldberg-Attorney
Rural Law Center of New York

Thanks,

*[signature: Anthony L. Curtis]*

Anthony Curtis



# THE NEUROSCIENCES INSTITUTE

Mail Code 70, 47 New Scotland Avenue, Albany, NY 12208 Tel: (518)262-5226; Fax: (518)262-5041  www.amc.edu/neurosciences

DEPARTMENT OF NEUROLOGY
Michael Gruenthal, MD, Ph.D.
Professor and Chairman

December 3rd, 2007

Anthony Curtis
202 Main St.
Poughkeepsie, NY 12601

To Whom it May Concern,

Anthony Curtis is 32 year-old man who came to us after having seen a neuropsychologist in August 2006 for vocational puposes. His neuropsychological testing revealed what was thought to be left cerebral dysfunction and a referral to Neurology was made. Mr. Cutis does have a learning disability, specifically he has difficulties with word finding, difficulties with balance, difficulty with certain speech and reading tasks, and a few complex activites. He stated this is generally unchanged for as long as he can remember. We determined after an extensive evaluation that he most likely had a static encephalopathy, possibly from a perinatal event. He had apparently had normal imaging from the past. Although he does have some impaired functioning, it is static, and he is doing remarkably well having adapted for these shortcomings. Based on our Neurological evaluation, we believe he is qualified to work in his chosen field (insurance). We also believe that he has the potential to do more than minimally gainful employment. He should do extremely well with supported employment.

Yours,

Shankar Perumal, M.D.

ADULT NEUROLOGY: Gary L. Bernardini, MD, PhD, Martha Boulos, MD, Dzinya Celmins, MD, Mark P. Dentinger, MD, Neil S. Lava, MD, Timothy Lynch, MD, Matthew J Murnane, MD, Anthony Ritaccio, MD, Earl Zimmerman, MD, Alice Brown, NP Jeanne Ceballos, NP, Loretta Ciraulo, NP, Lisa Faist, NP.
DEPARTMENT OF VETERANS AFFAIRS: Arnulf H. Koeppen, MD (Chief); Richard A. Tomasulo, MD



# THE NEUROSCIENCES INSTITUTE

Mail Code 70. 47 New Scotland Avenue, Albany, NY 12208  Tel: (518)262-5226;  Fax: (518)262-5041  www.amc.edu/neurosciences

**DEPARTMENT OF NEUROLOGY**
Michael Gruenthal, MD, Ph.D.
Professor and Chairman

Anthony Curtis
202 Main Street, Apt. 1
Poughkeepsie, NY 12601

To whom it may concern,

This letter is a statement of the neurologic diagnosis of Mr. Anthony Curtis. Mr. Curtis is a 32 year-old man who we saw in the Neurology clinic at Albany Medical Center for possible lt. cerebral dysfunction. He has a history of traumatic brain injury secondary to in utero trauma, and since he has been able to speak, has had difficulties with word finding, difficulties with balance, difficulty understanding complicated speech and reading complicated passages, and also difficulty grasping complex subjects. This appears to have not changed very much over the years, and therefore we diagnosed him with static encephalopathy, or an early injury to his brain that has caused continued cognitive impairment, however, has not worsened over the years.

Yours,

Shankar Perumal, M.D.

ADULT NEUROLOGY: Gary L Bernardini, MD, PhD, Martha Boulos, MD, Dzintra Celmins, MD, Mark P. Dentinger, MD, Neil S. Lava, MD, Timothy Lynch, MD, Matthew J Murnane, MD, Anthony Ritaccio, MD, Earl Zimmerman, MD, Alice Brown, NP, Jeanne Ceballos, NP, Loretta Ciraulo, NP, Lisa Falsi, NP.

DEPARTMENT OF VETERANS AFFAIRS: Arnulf H. Koeppen, MD (Chief); Richard A. Tomasulo, MD